UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
LARRY J. BYERS,                 )
                                )    Bankruptcy No. 08-02228
      Debtor.                   )

**ORDER RE: REAFFIRMATION AGREEMENT (Doc. 12)**

This matter came before the undersigned on January 29, 2009 for approval of the Reaffirmation Agreement between Debtor and GMAC (Doc. 12). Debtor Larry J. Byers was represented by attorney John M. Heckel. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

**STATEMENT OF FACTS**

Under a Reaffirmation Agreement with GMAC filed January 2, 2009, Debtor seeks to reaffirm a debt in the amount of $38,390.26 with 7.90% interest and 62 monthly payments of $786.16. The debt is secured by a 2008 Chevy Silverado. Debtor's Schedules I and J show a monthly deficit of $1,637.84, which includes payments on this debt. Debtor states that his financial condition has improved since filing his Chapter 7 petition because he has closed his business, found alternate employment, and reduced expenses. He asserts he needs this vehicle for his side business of restoring "muscle" cars.

**CONCLUSIONS OF LAW**

Section 524(c) allows a debtor to reaffirm debt that would otherwise be dischargeable unless reaffirmation would pose an undue hardship on the debtor. In re Chim, 381 B.R. 191, 195 (Bankr. D. Md. 2008). The Bankruptcy Code includes provisions aimed at ensuring "that debtors do not fall victim to coercive and deceptive actions by creditors and to make sure that debtors understand the consequences of entering into such agreements." In re Schmidt, 397 B.R. 481, 482 (Bankr. W.D. Mo. 2008) (citations omitted). These include disclosures relating to the legal ramifications of reaffirmations. See 11 U.S.C. § 524(k).

If the debtor is not represented by an attorney, the court must hold a hearing to inform the debtor that the reaffirmation agreement is not required and describe the legal consequences of reaffirming debt. 11 U.S.C. § 524(d). The court may also deny a reaffirmation agreement if it concludes that reaffirmation is not

in the best interests of the debtor or poses an undue hardship. 11 U.S.C. § 524(c)(6).

If the debtor is represented by an attorney, the debtor's attorney is required to sign a declaration stating that (1) the debtor was informed and entered the agreement voluntarily; (2) the debt does not impose an undue hardship; and (3) the attorney has explained the consequences of the reaffirmation and the effect of default.  11 U.S.C. § 524(c)(3).  Bankruptcy courts have a duty to review reaffirmation agreements, even when the debtor's attorney confirms that the debtor is capable of paying the reaffirmed debt.  In re Miller, No. 07-00581, 2007 WL 2413012, at *1 (Bankr. N.D. Iowa Aug, 20, 2007), citing In re Melendez, 224 B.R. 252, 260 (Bankr. D. Mass. 1998).

The Bankruptcy Code requires a hearing and court approval if the monthly payments on the reaffirmed debt exceed the debtor's net monthly income.  11 U.S.C. § 524(m)(1).  In these circumstances, under the Code, a presumption exists that the reaffirmation agreement imposes an undue hardship.  Id.  The debtor may rebut this presumption, in writing, by identifying alternative sources of income to the satisfaction of the court. Id.

The debtor cannot rely on speculative income to pay for the reaffirmed debt such as potential raises, tax refunds or additional work hours.  See Schmidt, 397 B.R. at 485 (expectation of tax refund not sufficient to rebut presumption); In re Stillwell, 348 B.R. 578 (Bankr. N.D. Okla. 2006) (intention to work overtime was speculative where no evidence was presented that husband's current business had overtime available); In re Husain, 364 B.R. 211 (Bankr. E.D. Va. 2007) (expectation of additional hours and a pay raise not sufficient to overcome presumption).  The debtor cannot overcome the presumption of undue hardship merely by showing that he needs a vehicle.  In re Stevens, 365 B.R. 610, 612 (Bankr. E.D. Va. 2007).

Courts "should not be in the business of approving reaffirmation agreements where the debt is something the Debtor cannot afford."  Stillwell, 348 B.R. at 582.  Several courts have rejected reaffirmation agreements when the debtor failed to show that additional income is available to pay both existing monthly expenses and the reaffirmed debt.  In re Payton, 338 B.R. 899, 904 (Bankr. D.N.M. 2006) (denying reaffirmation after finding that the debtor would be "underwater" by $314 per month); Husain, 364 B.R. at 217 (finding additional income insufficient to overcome presumption when the debtor would still have a deficit of $3,000 per month).

2

**ANALYSIS**

Debtor's Schedules I and J establish that his monthly expenses exceed his monthly income by $1,637.84. Debtor states that he has reduced his expenses by $816 per month since the filing of his Schedules. However, Debtor's monthly expenses continue to exceed his income. If this Court approves the Reaffirmation Agreement, Debtor's monthly deficiency will increase to $821. Debtor has not provided the Court with evidence that demonstrates sufficient alternative income to pay this debt. Debtor has not rebutted the presumption of undue hardship and this Court cannot approve this Reaffirmation Agreement.

**WHEREFORE**, approval of the Reaffirmation Agreement between Debtor and GMAC is DENIED.

DATED AND ENTERED: February 11, 2009

_/s/ Paul J. Kilburg_

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

40/1